Case 6:20-cv-00052   Document 23   Filed on 10/03/22 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
October 04, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ERICA L HOLLOWAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:20-CV-00052 |
| | § | |
| BDM MUD, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Defendants have filed a joint motion to dismiss for want of prosecution, pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. No. 14.)  That motion has been referred to the undersigned for review and action.  For the reasons explained below, the undersigned recommends that the motion be GRANTED, and that this action be DISMISSED with prejudice.

**A.  *Jurisdiction.***

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This motion case has been referred to the undersigned for a recommendation, pursuant to 28 U.S.C. § 636.

**B.  *Procedural history: A state wrongful death case is removed to federal court. Plaintiff Holloway subsequently ceases any activity or communication in the case and becomes unreachable.***

This case arises from the death of Neil Holloway.  Both individually and as the representative of Mr. Holloway's estate, Plaintiff Erica L. Holloway (Mr. Holloway's widow) sued BDM MUD LLC and Q'Max America Inc. ("Q'Max"), in Texas state court in March 2020.  (Doc. No. 1-1, p. 2.)  In June 2020, three of Mr. Holloway's children (Erica Moorefield, Jake Holloway, and Jenna George) were added as plaintiffs in that state case, and the plaintiffs then

added PRI Operating, LLC, and Eastham Drilling, Inc., as additional defendants. (Doc. No. 1-1, pp. 96, 102, 103, 111.) Plaintiffs Moorefield and Jake Holloway were nonsuited from the case in July 2020, leaving only Erica Holloway (individually and as a representative of Mr. Holloway's estate) and Jenna George as the remaining plaintiffs. *Id.* at 121.

Q'Max, meanwhile, had filed for Chapter 7 bankruptcy in May 2020. *See* Doc. No. 1-1, pp. 128-30. Q'Max removed the lawsuit, and the case was referred to United States Bankruptcy Court in the Victoria Division of this district in August 2020. *See* Doc. No. 1; 28 U.S.C. § 1452. The case was assigned to United States Bankruptcy Judge Christopher Lopez. *See* Doc. No. 2. In March 2021, Q'Max filed an unopposed motion to withdraw the reference of the case to the bankruptcy court and instead to have the case heard before this Court, because the adversary bankruptcy proceeding was "non-core." *See Holloway v. BDM MUD, LLC*, Adversary No. 6:20-AP-06006 (Bankr. S.D. Tex. Mar. 8, 2021), Doc. No. 6. Judge Lopez recommended the granting of that motion, *id.* at Doc. No. 7, and United States District Judge Drew B. Tipton granted the motion to withdraw the reference pursuant to 28 U.S.C. § 157(d) on December 14, 2021. (Doc. No. 4.)

Judge Tipton then issued an order for a scheduling conference, to be held on January 3, 2022, and for the parties to meet and confer and to prepare a proposed scheduling order. (Doc. No. 5.) According to the motion to dismiss, counsel for Defendants made efforts to confer with counsel for Plaintiffs, but Plaintiffs' counsel failed to respond; as a result, Defendants submitted their own Joint Discovery/Case Management Plan. (Doc. No. 14, pp. 2-3; *see also* Doc. No. 8.)

On January 3, the appointed date for the conference, counsel for Plaintiffs moved for leave to withdraw from representation. (Doc. No. 10.) Attached to the motion was a copy of a July 14, 2021 certified letter from counsel to Plaintiffs Holloway and George, stating: "We have

2 / 9

concluded our investigation into the case regarding the death of Neil Holloway that occurred on May 30, 2018. Unfortunately, this firm will not be able to continue providing representation in this matter." (Doc. No. 10-1, p. 3.) The letter reflects that counsel planned to withdraw, urging Plaintiffs to obtain new counsel, and suggesting that Plaintiffs secure a second opinion regarding her potential claims. That letter was delivered to Plaintiff Holloway on July 20, 2021. *Id.* at 2.

The January 3 hearing went forward. At the hearing, counsel for Plaintiffs informed Judge Tipton that he had been unable to contact Plaintiff Holloway; Judge Tipton ordered that counsel continue efforts to contact Plaintiff Holloway and then file a status report. (Doc. No. 14, p. 3.) Counsel filed a status report on January 17, 2022, advising that they had continued to attempt to reach Plaintiff Holloway by telephone, voicemail, and text message, and had even hired a process server to attempt to deliver their withdrawal letter. (Doc. Nos. 11, 11-1.) The process server submitted an "affidavit of diligence" outlining her attempts to reach Plaintiff Holloway; the affidavit reflects information that Plaintiff Holloway had sold her home in Oklahoma and returned to the East Coast. (Doc. No. 11-1.)

Judge Tipton denied counsel's motion to withdraw, finding that there was no indication that Plaintiff received the motion to withdraw by mail, and that the process server had only recently attempted to serve Plaintiff. Judge Tipton was also concerned that granting the motion would result in Plaintiff proceeding *pro se*, which would have been problematic because she would have proceeded on both her own behalf and that of Mr. Holloway's estate. (Doc. No. 12, p. 3.) Judge Tipton concluded: "Thus, the Court will afford Holloway additional time." *Id.*

On April 11, 2022, Defendants filed this motion to dismiss, citing Plaintiffs' failure to prosecute the lawsuit. (Doc. No. 14.) Defendants urged that "Plaintiffs have shown no interest in prosecuting their claims against Defendants. To that end, Plaintiffs' counsel has represented

to the Court on multiple occasions that he cannot even make contact with his clients." *Id.* at 1. Four days later, Defendants and counsel for Plaintiffs filed a joint status report, which included the following statement:

> Defendants wish to move forward with this case, but they have not been able to as Plaintiffs' counsel has moved to withdraw and indicated that they are not able to contact their clients. Because the Plaintiffs have not responded to their counsels' efforts to contact them, Defendants can only conclude that Plaintiffs no longer with to prosecute their case. Defendants therefore filed a joint motion to dismiss on April 11, 2022 (Docket No. 14) which has a motion docket date of May 2, 2022.

(Doc. No. 15, pp. 2-3.)

The motion to dismiss was referred to the undersigned on August 8, 2022. The undersigned ordered the parties to submit another status report, "focused specifically on whether counsel for Plaintiffs has been able to contact Plaintiffs and, if so, whether they desire to pursue this case." (Doc. No. 16.) Counsel for Plaintiffs filed a report, recounting the steps taken to reach Plaintiff prior to its January 17 status report. (Doc. No. 17.) The report did not reflect any additional attempts to reach Plaintiff. *See id.* Counsel for Defendants reported that they had no additional information to provide the Court. (Doc. No. 18.)

The Court held a status conference on September 30, 2022. At the hearing, counsel for Plaintiffs informed the Court that he has not heard from Plaintiff Holloway in the months since January 2022, and that Plaintiff George desired to dismiss her action altogether. Plaintiff George, through counsel, submitted an unopposed motion for dismissal with prejudice, which Judge Tipton granted. (Doc. Nos. 21, 22.) Thus, Holloway is the only remaining plaintiff in this case.

### C. Dismissal under Federal Rule of Civil Procedure 41(b).

Federal Rule of Civil Procedure 41(b) provides that if "the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." *See* Fed. R. Civ. P. 41(b). Pursuant to this rule, "[a] district court has the inherent authority to dismiss an action *sua sponte* for failure to prosecute, with or without notice to the parties." *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (*per curiam*) (citations omitted). "This [Rule 41(b)] authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-631 (1962)). Furthermore, "[t]he decision to grant a motion to dismiss for failure of prosecution lies within the court's discretion and can be reversed only for an abuse of that discretion." *Gist v. Lugo*, 165 F.R.D. 474, 477 (E.D. Tex. 1996) (collecting cases).

### D. Dismissal is warranted, because Plaintiff Holloway has ceased communication and has shown no interest in pursuing this litigation.

Plaintiff Holloway has not communicated with her counsel since signing for counsel's letter in July 2021. Plaintiff Holloway has not responded to counsel's attempts to contact her, and no new counsel has entered an appearance on her behalf. This lack of communication has prevented Plaintiff Holloway's counsel from participating meaningfully in the pretrial handling of this case.

The Court has allowed ample time for Plaintiff Holloway to search for a new attorney and proceed with this litigation. Plaintiff Holloway's complete inaction in this case leaves the Court with the unambiguous conclusion that she has abandoned the case. *Cf. Gilmore v. Guild Mortg. Co., L.L.C.*, No. 1:21-CV-00621-MAC-ZJH, 2022 WL 2712385, at *1 (E.D. Tex. Feb. 22, 2022), *adopted*, No. 1:21-CV-00621, 2022 WL 2712382, at *1 (E.D. Tex. Mar. 10, 2022)

(finding dismissal appropriate under Rule 41(b) where the plaintiff failed to confer with the defendant and failed to respond to the defendant's motion to dismiss); *Douglas v. Zabransky*, No. H-18-4168, 2019 WL 3628748, at *1 (S.D. Tex. July 18, 2019) (Johnson, M.J.), *adopted*, 2019 WL 3570451, at *1 (S.D. Tex. Aug. 5, 2019) (Miller, J.) (finding dismissal was warranted and that the plaintiff had "abandoned her suit" where the plaintiff, among other things, failed to comply with court orders, failed to respond to the defendant's motion to dismiss, and did not appear at a scheduling conference); *Connely v. City of Pascagoula*, No. 1:11-CV-293-HSO-JMR, 2013 WL 2182944, at *2 (S.D. Miss. May 20, 2013) (granting a motion to dismiss for want of prosecution where the plaintiffs failed to take action in the case, contact the court, and comply with court orders); *Martin v. Gilbert*, No. 1:12-CV-327-HSO-RHW, 2013 WL 4014990, at *2 (S.D. Miss. Aug. 6, 2013) (same).

More than a year has passed since Plaintiff Holloway received her counsel's letter. Since then, Plaintiff Holloway has failed to take any apparent steps to advance or pursue this litigation, such as by hiring new counsel or participating in pretrial matters. Plaintiff Holloway has failed to prosecute this case, and dismissal is appropriate.

### E. Dismissal with prejudice is appropriate.

Generally, a dismissal for failure to prosecute is without prejudice. *Ray v. Johnson & Johnson*, No. 1:20-CV-129-DMB-RP, 2021 WL 1030987, at *1 (N.D. Miss. Mar. 17, 2021) (citations omitted). The Fifth Circuit has recognized that "a dismissal with prejudice for failure to prosecute is an extreme sanction which is to be used only when the integrity of the judicial process is threatened by plaintiff's conduct in such a way that the court is left with no choice except to deny that plaintiff its benefits." *Gist*, 165 F.R.D. at 477 (citing *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988)). A court may dismiss with prejudice for failure to prosecute

6 / 9

"'only when (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that provide to be futile.'" *See Somers v. UT MD Anderson Cancer Ctr.*, No. 4:19-CV-00390, 2022 WL 1138260, at *2 (S.D. Tex. Apr. 18, 2022) (Hanen, J.) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

However, "when the applicable statute of limitations would bar re-filing, the dismissal is properly deemed with prejudice." *Ray*, 2021 WL 1030987, at *1 (citing *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018)). Here, Plaintiff Holloway alleges negligence and gross negligence resulting in Mr. Holloway's personal injury and death. *See* Doc. No. 1-1, pp. 105-09; Tex. Civ. Prac. & Rem. Code §§ 71.004, 71.021. Personal injury cases in Texas must be brought within two years after the action accrues. Tex. Civ. Prac. & Rem. Code § 16.003(a). A cause of action accrues "'when a wrongful act causes some legal injury, even if the fact of the injury is not discovered until later, and even if all resulting damages have not yet occurred.'" *Woods v. U.S. Dep't of Justice Fed. Bureau of Prisons*, No. 4:21-cv-00791, 2022 WL 3018195, at *1 (S.D. Tex. July 29, 2022) (Edison, M.J.) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)). In wrongful death cases, the limitations period is two years, accruing on the date of death. Tex. Civ. Prac. & Rem. Code § 16.003(b); *see also Ruffin v. Frito-Lay N. Am., Inc.*, No. 3:20-cv-00315-N (BT), 2020 WL 8513709, at *2 (N.D. Tex. Dec. 31, 2020), *adopted*, 2021 WL 535478 (N.D. Tex. Feb. 12, 2021). Mr. Holloway died on or about May 30, 2018. (Doc. No. 1-1, p. 105.) The Court concludes that, with regard to Mr. Holloway, no action for personal injury or wrongful death could have accrued any later than on or about May 30, 2018.

In this case, dismissal with prejudice is the appropriate choice. Plaintiff's conduct has manifestly indicated intent to abandon this action. Plaintiff Holloway had ample time to find new counsel, but failed to hire new counsel or otherwise pursue this action. All the evidence indicates that Plaintiff has abandoned this case. By contrast, no evidence indicates that Plaintiff Holloway still intends to proceed with this case. Additionally, the statute of limitations would bar re-filing of Plaintiff's case, as the incident giving rise to this lawsuit occurred on May 30, 2018, more than two years ago. Therefore, should this case be dismissed, it would effectively preclude this action from being re-filed. *See Ray*, 2021 WL 1030987, at *1. Because Plaintiff Holloway could not re-file this case, dismissal with prejudice is appropriate.

### F. *Recommendation.*

For these reasons, the undersigned finds that Plaintiff Holloway's failure to prosecute this case warrants dismissal pursuant to Federal Rule of Civil Procedure 41(b). Furthermore, because Plaintiff's cause of action accrued on May 30, 2018, the date of the incident that forms the basis of this action, the two-year statute of limitations for this action has expired. Accordingly, the undersigned recommends that Defendants' motion to dismiss (Doc. No. 14) be **GRANTED** and that this case be **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b).

### G. *Notice.*

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **14 days** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **14 days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

SIGNED on October 3, 2022.

_____
MITCHEL NEUROCK
United States Magistrate Judge